LIONDALE BLEACH, DYE AND PRINT WORKS v. JOHN C. McGRATH, COLLECTOR OF THE BOROUGH OF ROCKAWAY.

Argued June 4, 1902—Decided July 16, 1902.

A resolution of the borough council, passed November 19th, 1895, purported to grant to the Liondale mill exemption from borough taxes for five years from the time when its manufacturing business should be commenced; that business was commenced in February, 1897, but the local authorities exempted the property from borough taxes for the years 1896, 1897, 1898, 1899 and 1900, and the owners accepted such exemption. *Held*, that they were precluded from claiming any further exemption under that resolution.

On *certiorari.*

Before Justices DIXON, HENDRICKSON and PITNEY.

For the prosecutor, *Willard W. Culler.*

For the defendant, *John F. Stickle.*

The opinion of the court was delivered by

DIXON, J.   The prosecutor claims exemption from borough taxes for the year 1901 under a resolution of the borough council passed November 19th, 1895, providing that the Liondale mill should be exempt from taxes for borough purposes for five years from the time when its manufacturing business should be commenced, and directing the mayor to carry out the object of the resolution by contract under the seal of the borough.

The manufacturing business of the mill was not commenced before December, 1896, or perhaps February, 1897, but the mill was actually exempted from local taxes for the years 1896, 1897, 1898, 1899 and 1900.

Assuming (without deciding) that the resolution is valid, we think no further exemption can justly be claimed. The council evidently intended that the precise period of exemption should be fixed by written contract, but no such contract was made, and hence in strictness the right to exemption was never perfected. The local authorities and the prosecutor seem, however, to have waived that prerequisite and to have fixed the period by their conduct, not indeed in exact accordance with the resolution, but in a substituted method accepted by both parties. The borough has given and the prosecutor has received exemption for five years, the substantial thing stipulated, and by its acquiescence in that the prosecutor is precluded from complaint. Although one of the proprietors of the mill swears "We had no knowledge" of the exemption for 1896, he clearly shows the reason when he also swears "We had nothing to do with paying the taxes of 1896." Another representative of the concern, who then held title to the property and who paid to the borough collector the state and county taxes for 1896, undoubtedly knew of the exemption, and his knowledge was the knowledge of the company.

The other objection presented by the prosecutor is based on a supposition that the borough tax for 1901 exceeds twenty mills on the dollar; but the fact is otherwise.

The taxes under review should be affirmed, with costs.

The suggestion made by counsel for the borough, that the court ought now to levy against the prosecutor local taxes which, he claims, were unlawfully omitted in the years 1896 to 1900, cannot be adopted, because we have no such power. The only taxes brought within our jurisdiction by the *certiorari* are the taxes for 1901.